UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

MOKHMAD SHIDAEV,

     Petitioner,

v.

    No. 6:25-CV-00107-H

WARDEN, EDEN DETENTION
CENTER,

     Respondent.

## ORDER

Petitioner Mokhmad Shidaev, an immigrant detainee proceeding pro se, filed an emergency motion requesting a stay of removal pending resolution of this habeas action and a temporary restraining order to prevent his transfer or require advance notice before any transfer. Dkt. Nos. 18, 20, 21. And Petitioner asks the Court to require Respondent to file a supplemental response concerning their removal efforts. Dkt. No. 18. As explained below, the motion is denied.

### 1.    Background

Petitioner is a native of Kyrgyzstan and a citizen of Russia. He was ordered removed by an immigration court on January 24, 2025, but he was granted protection under the Convention Against Torture (CAT) from removal to Russia. His habeas petition has been briefed and is ripe for review. In the meantime, Petitioner filed this emergency motion, which he later supplemented, and he filed a notice to correct the factual record. *See* Dkt. Nos. 18, 20, 21. He requests a stay of removal pending resolution of this habeas case and a temporary restraining order to prevent his transfer to another facility and require advance notice before any transfer or removal. He also seeks additional briefing pertaining

to the Respondent's efforts to remove him. He contends that he faces an imminent risk of unlawful removal and that the Respondent's conduct to date, including transferring him from the Eden Detention Center to the Prairieland Detention Center, has interfered with his access to Court.

In his motion, Petitioner summarizes the grounds asserted in his petition and alleges that ICE officials recently informed him that he was on the list for removal to Russia—despite his CAT deferral order barring removal to Russia. *See* Dkt. No. 18 at 6. He argues that this means his removal is not speculative, but imminent, and may occur in direct violation of the order barring removal to Russia.

### 2.      Legal Standards

Federal Rule of Civil Procedure 65 authorizes courts to issue temporary restraining orders and injunctions. A temporary restraining order, or TRO, is "simply a highly accelerated and temporary form of preliminary injunctive relief." *Hassani v. Napolitano*, No. 3:09-CV-1201, 2009 WL 2044596, at *1 (N.D. Tex. July 15, 2009). Thus, the party seeking a TRO or preliminary injunction must satisfy the same four-factor standard for preliminary injunctive relief. *Greer's Ranch Café v. Guzman*, 540 F. Supp. 3d 638, 645 (N.D. Tex. 2021). The party seeking relief must show (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm; (3) the balance of hardships weighs in the movant's favor; and (4) issuing the injunction will not disserve the public interest. *Daniels Health Scis., LLC v. Vascular Health Scis., LLC*, 710 F.3d 579, 582 (5th Cir. 2013).

A TRO, like any injunction, is an "extraordinary remedy." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976). "The decision to grant [such relief] 'is to be treated as the exception rather than the rule.'" *Jones v. Bush*, 122 F. Supp. 2d 713, 718 (N.D. Tex. 2000)

(quoting *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)).  To prevail, the movant "must satisfy a cumulative burden of proving each of the four elements" for injunctive relief.  *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).  "Otherwise stated, if a party fails to meet *any* of the four requirements, the court cannot grant the TRO or preliminary injunction."  *Speed v. America's Wholesale Lender*, No. 3:14-CV-3425, 2014 WL 4755485, at *1 (N.D. Tex. Sept. 24, 2014) (emphasis in original).

Moreover, a federal court may issue a temporary restraining order without notice to the adverse party only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."  Fed. R. Civ. P. 65(b)(1)(A).

### 3.    Analysis and Conclusion

First, Petitioner seeks relief on an emergency basis, but he has not met the requirements for a TRO at this time.  Although he argues that a substantial threat of irreparable harm exists due to the possibility that he may be removed to Russia in violation of the immigration court's order, he has not shown a substantial likelihood of success on the merits.  And, in any event, the Court must deny Petitioner's request for stay of removal because the Court lacks jurisdiction to grant a stay of removal.

"The passage of the REAL ID Act divested district courts of jurisdiction over removal orders and designated the courts of appeals as the sole forums for such challenges via petitions for review."  *Moreira v. Mukasey*, 509 F.3d 709, 712 (5th Cir. 2007) (citing 8 U.S.C. § 1252(a)(5) (citation omitted)).  The passage of that act also divested district courts of jurisdiction to consider requests for a stay of removal proceedings.  *See, e.g., Idokogi v. Ashcroft*, 66 F. App'x. 526, 2003 WL 21018263, at *1 (5th Cir. Apr. 18, 2003) (per curiam)

(citing 8 U.S.C. § 1252(g) and *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999)).  The court therefore denies the motion for stay.

Second, to the extent Petitioner is concerned that transfers from the Eden Detention Center will impact the Court's jurisdiction, his concern is unfounded.  Jurisdiction attaches on the initial filing of a petition and is not destroyed by the transfer of a petitioner and accompanying custodial change.  *See Griffin v. Ebbert*, 751 F.3d 288, 291 (5th Cir. 2014).  Thus, to the extent that Petitioner seeks an order preventing his transfer from this Court's jurisdiction, or requiring notice of such transfer, the request is denied.

To the extent that Petitioner's notice of correction of factual record is meant to correct or respond to the facts provided in the Respondent's answer, the Court will consider it along with his response to the answer.  As to Petitioner's request for additional briefing concerning the Respondent's efforts to remove him, that request is also denied.  The Court will order additional briefing if necessary to complete its review of the petition.  This habeas petition remains pending and will be considered in due course.

So ordered on April 6, 2026.

James Wesley Hendrix
United States District Judge